FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 11-10192 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 08-CR-560-RMW<br>Northern District of California,<br>San Jose |
| v. | |
| HASSAN ABPIKAR, | REPORT AND RECOMMENDATION |
| Defendant - Appellant. | |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

Hassan Abpikar was convicted after a one-day jury trial of two counts each of falsifying and concealing a material fact in a matter before a government agency, making a false statement under oath relating to naturalization or citizenship, and perjury. Abpikar was sentenced to 36 months in prison on each count, to run concurrently with each other, and three years of supervised release. Abpikar also was ordered to pay a $5,000 fine and a $600 special assessment. According to the Federal Bureau of Prisons, Abpikar's projected release date is June 10, 2013.

Abpikar's conviction was based on his failure to declare on applications for permanent resident status and while under oath: (1) his correct home address; (2) his marriage to and divorce from a United States citizen; (3) an Oklahoma conviction and two-year suspended sentence for making a telephone threat of an incendiary explosive; (4) an Oklahoma conviction and six-month suspended sentence for assault and battery on a law officer; (5) a California conviction and 60-day suspended sentence for acting as a dealer or manufacturer without a license; and (6) a California arrest, citation, and detention for first-degree burglary, receiving stolen property, possession of burglary tools, and theft of personal property or petty theft. According to the government's presentence report, Abpikar has been arrested ten times and convicted of one felony and six misdemeanors since arriving in the United States in 1979 at age 19. Among the misdemeanors are a count of falsely identifying himself to a peace officer. Two arrests occurred while Abpikar was on pretrial release, and on two other occasions Abpikar violated the terms of probation.

Abpikar initially was represented by appointed counsel in the district court. Three different appointed counsel requested and received permission to be relieved from their representation of Abpikar based on conflicts with him, including Abpikar's filing of a complaint against an attorney. After a psychiatric evaluation,

the district court found Abpikar competent to stand trial and to represent himself. Abpikar then retained counsel who represented him at trial, but Abpikar later demanded that counsel withdraw from the representation. Abpikar filed a pro se notice of appeal and requested leave to represent himself on appeal.

Abpikar's request to represent himself was referred to the Appellate Commissioner pursuant to Ninth Circuit General Order 6.3(e), which authorizes the Appellate Commissioner to confirm that appellant's request to proceed pro se and waiver of the right to counsel are knowing, intelligent, and unequivocal. *See Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993). Because the record was not adequate to consider whether the court should grant Abpikar leave to represent himself, the Appellate Commissioner ordered Abpikar to file a pro se written statement addressing certain issues presented by the self-representation request and the appeal. Rather than file the written statement, Abpikar submitted several pro se motions for expedited rulings on his many pending pro se motions and a November 17, 2011 pro se "motion to reverse the judgment of conviction," which resembles an opening brief.

II
Analysis

The United States Supreme Court held in *Martinez v. Court of Appeal*, 528 U.S. 152 (2000), that there is no constitutional right to self-representation on appeal, but left this court with the discretion to allow self-representation in appropriate cases. *Id.* at 163. This discretion is exercised with attention to the court's strong interests in ensuring the fairness, integrity, and efficiency of the judicial process and in avoiding the undue burden that may be imposed by a pro se litigant. *Id.* at 162-63; *see also* 9th Cir. R. 4-1(d). Even if the district court has determined that a defendant is competent to represent himself, the court of appeals makes an independent determination regarding whether an appellant in a criminal appeal should be permitted to represent himself on appeal. *See* 9th Cir. R. 4-1(d); 9th Cir. Gen. Order 6.3(c).

An appeal is different from a trial, in part because the proceedings occur mainly through written submissions that must comply with specific court rules. Appellants not granted bail on appeal may have limited access to legal materials and assistance, and difficulty communicating with the court. When an appellant is self-represented, the court almost never allows oral argument, but relies solely on the written submissions. *See Price v. Johnston*, 334 U.S. 266, 284-85 (1948).

Abpikar has submitted numerous pro se pleadings to the district court and to this court in this case. Abpikar has represented himself in at least nine premature appeals and petitions for writs of mandamus or habeas corpus arising out of the case, and the court has determined that most of these appeals and petitions lack merit. A review of a sample of Abpikar's pro se pleadings, in particular Abpikar's November 17, 2011 motion to reverse the judgment of conviction, which resembles an opening brief, shows that this is not an appropriate case in which to exercise the court's discretion to permit self-representation. *See Martinez*, 528 U.S. at 163. Permitting Abpikar to represent himself could unduly burden the court and the government, and undermine the just and orderly resolution of the appeal. *See id.*; 9th Cir. R. 4-1(d).

Abpikar's pro se pleadings are rambling, unfocused, repetitive, and excessively long, and do not evidence a sufficient understanding of legal analysis or the court's rules and procedures to permit Abpikar to represent himself. Abpikar also has a history of violating the terms of his release and arrest and conviction for crimes involving fraud and dishonesty, including the conviction in this case for falsifying and concealing material facts in applications for permanent resident status. This criminal history shows a lack of respect for the authority of government agencies and law enforcement.

In these circumstances, the court would benefit from having experienced appointed counsel represent Abpikar on appeal. *See United States v. Gillis*, 773 F.2d 549, 560 (4th Cir. 1985). New appointed counsel will be able to obtain, review, and analyze the trial transcript, and identify, research, and brief the strongest legal issues presented by Abpikar's appeal. "Winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). New appointed counsel also will be able to communicate effectively with the court and the government.

To summarize, Abpikar's self-representation could burden the court and the other parties and undermine the integrity of the outcome on appeal. *See Martinez*, 528 U.S. at 162-63. The court would benefit from the appointment of experienced counsel to identify the issues and competently brief the appeal. In this case, the court's interest in the fair and efficient administration of justice outweighs Abpikar's interest in self-representation. *Id*. at 162.

### III
### Recommendation

The court should deny Abpikar's request for self-representation and appoint new counsel to represent Abpikar on appeal. The court should deny Abpikar's

pending pro se motions, and permit new appointed counsel to file appropriate motions. The court should establish a new briefing schedule for the appeal.